IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BILL APANA, ETC., | ) | CIVIL NO. 06-00653 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIG INSURANCE COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**REPORT OF SPECIAL MASTER ON PLAINTIFF
BILL H. APANA'S MOTION FOR ATTORNEY'S FEES**

Before the Court, pursuant to a designation by United
States District Judge J. Michael Seabright, is Plaintiff Bill H.
Apana's ("Plaintiff") Motion for Attorneys' Fees ("Motion"),
filed November 27, 2007.[1]  Defendant TIG Insurance Company
("TIG") filed a memorandum in opposition on December 12, 2007,
and Plaintiff filed his reply on December 19, 2007.  Plaintiff
requests $17,804.80 in attorney's fees, including general excise
tax, and $209.60 in costs.  In accord with Rule 7.2(d) of the
Local Rules of Practice of the United States District Court of
the District of Hawaii ("Local Rules"), the Court finds this
matter suitable for disposition without a hearing.  After
reviewing the parties' submissions and the relevant case law, the

_____

[1] Plaintiff filed the instant Motion individually and in his
capacity as Personal Representative of the Estate of Corrine
Apana.

Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART AND
DENIED IN PART.  This Court RECOMMENDS that the district judge
award Plaintiff $14,976.00 in attorney's fees and $209.60 in
costs, for a total award of $15,185.60.

## BACKGROUND

        The instant case arises out of an insurance coverage
dispute concerning a state law action filed by Plaintiff against
Dennis Marugame and H. Marugame Plumber, Inc. ("HMP",
collectively "Underlying Defendants").  On March 21, 2002,
Marugame, a plumber employed by HMP, poured an extremely strong
drain cleaner down a maintenance drain at the Wal-Mart in Lihue,
Kauai.  As a result, Corrine Apana ("Corrine"), an employee of
Wal-Mart at the time, suffered injuries.  [Amended Order Granting
in Part and Denying in Part Def.'s Motion for Summary Judgment,
filed Aug. 16, 2007 ("Summary Judgment Order") at 2.]

        On July 2, 2003, Bill and Corrine Apana (collectively,
"Apanas") filed suit against the Underlying Defendants in the
State of Hawaii Circuit Court of the Fifth Circuit ("the
Underlying Action").  HMP was the named insured under a general
commercial insurance liability policy issued by TIG for the
period from February 19, 2002 to February 19, 2003 ("the
Policy").  [Exh. B to Def.'s Motion for Summary Judgment, filed
June 20, 2007.]  The Policy contained a Total Pollution Exclusion
Endorsement which excluded coverage against injuries resulting

2

from "pollutants."  [Id., Exh. C.]

The Underlying Defendants tendered the defense in the Underlying Action to TIG and requested indemnification under the Policy.  TIG denied coverage based on the Total Pollution Exclusion Endorsement.  TIG also declined to defend the Underlying Defendants.

The Underlying Action was submitted to arbitration and the arbitrator awarded the Apanas $87,770.27.  Corrine later passed away, apparently from unrelated causes, and Bill Apana was appointed personal representative of her estate.

HMP assigned its rights under the Policy to Plaintiff after the arbitration award.  On November 13, 2006, Plaintiff filed a complaint in the State of Hawaii Circuit Court of the Fifth Circuit, alleging that: TIG had a duty to defend the Underlying Defendants; Corrine's injuries were covered under the Policy; and TIG acted in bad faith when it denied coverage.  On December 7, 2006, TIG removed the matter to the United States District Court for the District of Hawaii based on diversity jurisdiction.

TIG filed a Motion for Summary Judgment on June 20, 2007.  On August 16, 2007, the district judge issued the Summary Judgment Order and found that TIG did not have a duty to indemnify the Underlying Defendants based on the Total Pollution Exclusion Endorsement.  The district judge also found that TIG's

3

refusal to indemnify was not bad faith.  Further, the district judge denied TIG's Motion for Summary Judgment as to the duty to defend.

On August 22, 2007, Plaintiff filed his Motion for Summary Judgment on the issue of TIG's duty to defend.  On October 4, 2007, the district judge granted Plaintiff's motion, and found that TIG had a duty to defend the Underlying Defendants in the Underlying Action.  The parties later stipulated that the duty to defend claim was worth $12,832.85.

On November 2, 2007, the parties stipulated and agreed that Plaintiff could move for reasonable attorneys' fees and costs for the coverage dispute, pursuant to Hawaii Revised Statutes § 431:10-242.  The parties also stipulated that Plaintiff would dismiss the remaining bad faith claims. [Stipulation Regarding Claims & Damages, filed Nov. 2, 2007, at ¶¶ 3-4.]

**DISCUSSION**

**I.   Attorneys' Fees**

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorney's fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute,

4

stipulation, or agreement." <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Haw. 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

A. **Applicability of Hawaii Revised Statutes § 431:10-242**

Plaintiff seeks an award of fees pursuant to Haw. Rev. Stat. § 431:10-242, which states, in pertinent part:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

In the present case, the Court finds that Plaintiff is entitled to attorneys' fees pertaining to the duty to defend claim because Plaintiff prevailed on the duty to defend claim. The parties stipulated that the damages for the breach of the duty to defend were $12,832.85.  In contrast, TIG argues that Plaintiff is not entitled to a significant amount of attorneys' fees because TIG prevailed on the duty to indemnify claim, which the arbitrator found was worth $87,700.00.  This Court, however, notes that because of the relationship between the duty to defend and the duty to indemnify, it is difficult to separate work done on each claim.  The Court will address this issue further in Section I.B.3.

B. **Calculation of Fees**

Hawaii courts calculate reasonable attorneys' fees

based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Group L.P. v. Paiea Props., 110 Haw. 217, 222, 131 P.3d 500, 505 (2006). The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. See id. at 222-23, 131 P.3d at 505-06. In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106 Haw. 416, 435, 106 P.3d 339, 358 (2005) (citations omitted). These factors, however, are merely guides; courts need not consider them in every case. See id. In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount. See Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 92 Haw. 432, 442, 992 P.2d 127, 137 (2000).

Plaintiff requests the following amounts for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Joe P. Moss | 85.6 | $200 | $17,120.00 |
| | General Excise Tax of 4% | | +$   684.80 |
| | Total | | $17,804.80 |

[Mem. in Supp. of Motion at 6.]  Mr. Moss was admitted to the Hawaii bar in 1989.

## 1.   **Reasonable Hourly Rate**

The Hawaii courts determine the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Haw. at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees

7

are taken into account.  See Webb v. Ada County, 285 F.3d 829,
840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should
reflect the prevailing market rates in the community.  See id.;
Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as
amended on denial of reh'g, (1993) (noting that the rate awarded
should reflect "the rates of attorneys practicing in the forum
district"); see also Chun, 106 Haw. at 435, 106 P.3d at 358
(listing "the customary charges of the Bar for similar services"
as a factor that may be considered).  It is the burden of the fee
applicant to produce satisfactory evidence, in addition to an
affidavit from the fee applicant, demonstrating that the
requested hourly rate reflects prevailing community rates for
similar services.  See Jordan v. Multnomah County, 815 F.2d 1258,
1263 (9th Cir. 1987).

    Plaintiff submitted a declaration by Mr. Moss in
support of his argument that the requested fees are reasonable.
[Motion, Decl. of Joe P. Moss.]  Mr. Moss states that he has been
an attorney for thirty-one years and that he is familiar with
cases of this nature.  [Id. at ¶ 4.]  Mr. Moss has been a member
of the Hawaii State Bar Association for nineteen years and
believes that the requested time and fees are reasonable and
necessary under the circumstances.  [Id. at ¶ 5.]  Although
Plaintiff has not submitted other evidence in support of
counsel's hourly rate, this Court is well aware of the prevailing

8

rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the prevailing rates and Plaintiff's submissions in this case, this Court finds that Mr. Moss' requested hourly rate is manifestly reasonable.

    **2.   <u>Reasonable Hours Spent</u>**

        For the reasoning stated in Section I.B.1., this Court finds federal case instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted); <u>see also Sharp v. Hui Wahine, Inc.</u>, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See Tirona</u>, 821 F. Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent

9

on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060

(S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed

"excessive, redundant, or otherwise unnecessary" shall not be

compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461

U.S. at 433-34).

     This Court notes that work which is clerical in nature

should be subsumed in a law firm's overhead and is not

compensable in a motion for attorney's fees.  See, e.g., Sheffer

v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D.

Pa. 2003).  Mr. Moss had one entry of 0.1 hours for a telephone

call to court staff concerning the scheduling of a settlement

conference.  A judge's courtroom manager handles such issues and

telephone conferences with courtroom managers are deemed clerical

in nature and are not compensable.  The Court will therefore

reduce counsel's time by 0.1 hours.

     Additionally, the Court finds that both the August 6,

2007 and August 20, 2007 entries regarding travel to Oahu are

excessive.  On each date, Plaintiff has requested 7.0 hours for

travel between Kauai and Oahu for court matters.  The Court finds

that 3.5 hours to attend a hearing on a Motion for Summary

Judgment on August 6, 2007, including 1.5 hours for actual

travel, and 5.0 hours to attend a settlement conference on

August 20, 2007, including 1.5 hours for actual travel, are

reasonable.  The Court therefore reduces the hours for the

August 6, 2007 entry by 3.5 hours and the August 20, 2007 entry
by 2.0 hours.

### 3.    <u>Reduction Due to Limited Success</u>

TIG concedes that Plaintiff is entitled to attorneys'
fees related to the duty to defend.  TIG argues, however, that
Plaintiff's request should be reduced due to Plaintiff's failure
to prevail on the duty to indemnify claim.  Plaintiff contends
that he deserves the full amount of attorneys' fees requested
because the claims for the duty to defend and the duty to
indemnify are so closely related.

A party who succeeds on some but not all of his or her
claims may still be entitled to attorneys' fees related to the
unsuccessful claims.  <u>See</u> <u>Schefke v. Reliable Collection Agency,</u>
<u>Ltd.</u>, 96 Haw. 408, 444, 32 P.3d 52, 88 (2001).  The Hawaii
Supreme Court has held that when a plaintiff does "not prevail in
all of his claims, the trial court must engage in a [<u>Hensley v.</u>
<u>Eckerhart</u>, 461 U.S. 424 (1983),] analysis in order to determine
whether it is reasonable to award attorney's fees for the entire
time Plaintiff's counsel spent on the case."  <u>Id.</u> at 445, 32 P.3d
at 89.  Additionally, where a plaintiff achieves only partial or
limited success, "[t]he district court may attempt to identify
specific hours that should be eliminated, or it may simply reduce
the award to account for the limited success."  <u>Hensley</u>, 461 U.S.
at 436-37.

A <u>Hensley</u> analysis requires that the trial court "determine (1) whether or not unsuccessful claims are related to successful claims, and (2) whether or not the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." <u>Schefke</u>, 96 Haw. at 444, 32 P.3d at 88 (citations, quotation marks, and alterations omitted).  Unsuccessful claims that are unrelated to successful claims will not support an award of reasonable attorneys' fees. <u>See</u> <u>id.</u>  If the successful claims and the unsuccessful claims are related, however, the trial court must assess the second part of the <u>Hensley</u> analysis to determine if the level of success has produced "excellent results" or "partial or limited success." <u>See</u> <u>id.</u> (quoting <u>Hensley</u>, 461 U.S. at 445, 446).  Excellent results allow for a full award of attorneys' fees and limited success often provides for reduced fees, as a full award would probably be excessive.  <u>See</u> <u>id.</u> (quoting <u>Hensley</u>, 461 U.S. at 445, 446).

### a.   **Related Claims**

The Court first turns to the issue whether Plaintiff's claims are related or unrelated.  Unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories", whereas related claims "involve a common core of facts or [are] based on related legal theories." <u>Hensley</u>, 461 U.S. at 434-35.  In the instant case,

Plaintiff's claims for breach of the duty to indemnify and the duty to defend both arise from the same underlying incident in which the insureds sought relief from their insurance company after the Apanas filed suit against them.

Further, the duty to defend and the duty to indemnify are related claims based upon a relationship between the two duties – the duty to defend arises only upon the showing that there exists a possibility of indemnification. <u>See</u> <u>Tri-S Corp.</u> <u>v. W. World Ins. Co.</u>, 110 Haw. 473, 488, 135 P.3d 82, 97 (2006). The Hawaii Supreme Court has recently explained the insurer's duty to defend as, "broader than the duty to pay claims and arises wherever there is the mere *potential* for coverage." <u>Id.</u> (citation omitted) (emphasis in original).  The supreme court also stated that "this possibility [of indemnification] may be remote but if it exists, the insurer owes the insured a defense." <u>Id.</u> (citation omitted).  This Court therefore finds that Plaintiff's claims are related.

### b.   <u>Significance of Overall Relief</u>

Plaintiff prevailed on the duty to defend claim for which the district judge awarded $12,832.85.  Plaintiff, who had been assigned the rights of the insureds in the Underlying Action, was unsuccessful on the duty to indemnify claim. Plaintiff sought aggregate damages of $100,532.85 and was only awarded $12,832.85, therefore Plaintiff achieved limited success.

The Court finds that full compensation of the hours expended would be excessive and that a reasonable award would be 90% of the amount.  The Court will therefore apply a 10% reduction to account for Plaintiff's limited success.

### 4.   Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiff established the appropriateness of the following attorney's fees:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Joe P. Moss | 80.0 | $200 | $16,000.00 |
| General Excise Tax of 4% | | | +$   640.00 |
| Lodestar | | | $16,640.00 |
| 10% reduction for limited success | | | -$ 1,664.00 |
| **Total** | | | **$14,976.00** |

This Court finds it unnecessary to adjust the award amount further based on the other factors articulated in <u>Chun</u>.  <u>See</u> 106 Haw. at 435, 106 P.3d at 358.

This Court therefore FINDS and RECOMMENDS that the district judge award Plaintiff $14,976.00 in attorney's fees.

## II.  Costs

In addition to attorneys' fees, Plaintiff requests the following non-taxable costs under § 431:10-242:

| | |
|---|---|
| Airfare and taxi (8-6-07) | $119.80 |
| Airfare and taxi (8-20-07) | +$ 89.80 |
| **Total** | **$209.60** |

[Mem. in Supp. of Motion at 6.]  TIG contends that, because

14

Plaintiff's costs were attributable to both the duty to defend claim and the duty to indemnify claim, the Court should only award Plaintiff half the costs since Plaintiff only prevailed on one out of two claims.

Plaintiff's counsel lives and works on the island of Kauai and Plaintiff is seeking reimbursement of costs incurred as a result of travel expenses for court appearances. The Court finds that these costs were reasonable and were necessarily incurred in this case, irrespective of Plaintiff's limited success in the action because these court appearances were related to the entire action as a whole. This Court therefore RECOMMENDS that the district judge GRANT Plaintiff's request for costs in full.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Motion for Attorney's Fees, filed November 27, 2007, be GRANTED IN PART and DENIED IN PART. The Court recommends that the district judge award Plaintiff $14,976.00 in attorneys' fees and $209.60 in costs, for a total award of $15,185.60.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 3, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**APANA V. TIG INS. CO.; CIVIL NO. 06-00653 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF BILL H. APANA'S MOTION FOR ATTORNEY'S FEES**