IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BILL H. APANA, as Personal Representative of the Estate of CORRINE APANA,<br><br>             Plaintiff,<br><br>   vs.<br><br>TIG INSURANCE COMPANY; JOHN DOES 1-10; KAMUELA DAIRY, INC., JOSE DUARTE, Individually and in his capacity as President,<br><br>             Defendants.<br>_____ | CIVIL NO. 06-00653 JMS/LEK<br><br>ORDER ADOPTING REPORT OF SPECIAL MASTER ON PLAINTIFF BILL H. APANA'S MOTION FOR ATTORNEY'S FEES |

## ORDER ADOPTING REPORT OF SPECIAL MASTER ON PLAINTIFF BILL H. APANA'S MOTION FOR ATTORNEY'S FEES

In this action, Plaintiff Bill H. Apana ("Plaintiff") prevailed on his duty to defend claim against Defendant TIG Insurance Co. ("Defendant" or "TIG"), but was unsuccessful on his duty to indemnify claim. On July 7, 2008, Magistrate Judge Kobayashi filed her Report of Special Master on Plaintiff Bill H. Apana's Motion for Attorney's Fees (the "July 7 Report"), recommending that the court award Plaintiff $14,976.00 in attorney's fees and $209.60 in costs, for a total award of $15,185.60. On July 17, 2008, Defendant objected, arguing that the July

7 Report erred in finding that Plaintiff's unsuccessful claim and successful claim were related, and reducing Plaintiff's requested attorney's fees by only 10 percent for Plaintiff's limited success. For the following reasons, the court ADOPTS the July 7 Report.

## I. BACKGROUND

While working at a Wal-Mart shopping center, Corrine Apana ("Corrine") was exposed to fumes from an extremely strong drain cleaner that Dennis Marugame ("Marugame"), a plumber employed by H. Marugame Plumbers, Inc. ("HMP"), poured down a maintenance drain. Bill and Corrine Apana (collectively, "Apanas") filed suit against Marugame and HMP, and both Marugame and HMP tendered requests for defense and indemnity to Marugame's general commercial liability insurer, TIG. TIG denied coverage, and declined to tender a defense on behalf of Marugame and HMP.

The Apanas' claims against Marugame and HMP were submitted to arbitration, which awarded the Apanas approximately $90,000.[1] Following arbitration, HMP assigned its interests to Plaintiff, who filed the present

---

[1] Corrine Apana later passed away from unrelated causes, and Bill Apana was appointed personal representative of her estate.

Complaint in Hawaii state court, alleging that: (1) TIG had a duty to defend Marugame and HMP; (2) Corrine's injuries were covered under the Policy; and (3) TIG acted in bad faith when it denied coverage. On December 7, 2006, TIG removed the matter to this court.

On June 20, 2007, Defendant filed a Motion for Summary Judgment, which the court granted in part and denied in part on August 16, 2007. The court found that TIG did not have a duty to indemnify and its refusal to indemnify was not in bad faith, but denied TIG's motion regarding the duty to defend claim. On October 4, 2007, the court granted Plaintiff's Motion for Summary Judgment that TIG had a duty to defend. The parties later stipulated that this claim was worth $12,832.85.

On November 2, 2007, the parties stipulated and agreed that Plaintiff would dismiss the remaining bad faith claims, and could move for reasonable attorney's fees and costs pursuant to Hawaii Revised Statutes § 431:10-242. Plaintiff's Motion for Attorney's Fees, the July 7 Report, and Defendant's Objection followed.

## II. STANDARD OF REVIEW

In acting on a special master's report, the district court must afford an opportunity to be heard and may receive evidence. Fed. R. Civ. P. 53(f)(1). The

district court may "adopt or affirm; modify; wholly or partly reject or reverse, or resubmit to the master with instructions." *Id.* The district court must decide de novo all objections to findings of fact and/or conclusions of law made or recommended by the special master. Fed. R. Civ. P. 53(f)(3) & (4).

### III.  ANALYSIS

In determining the appropriate amount of attorney's fees for a partially prevailing plaintiff, the Hawaii Supreme Court applies the analysis of *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Schefke v. Reliable Collection Agency*, 96 Haw. 408, 445, 32 P.3d 52, 89 (2001).[2] "According to *Hensley*, the trial court must determine (1) whether or not unsuccessful claims are related to successful claims, and (2) whether or not 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award[.]'" *Id.* (*quoting and citing Hensley*, 461 U.S. at 434). Defendant objects to the July 7 Report's determination of both these inquiries.

///

///

---

[2] Given its adoption of the *Hensley* analysis, the court believes that the Hawaii Supreme Court would further find Ninth Circuit interpretations and applications of *Hensley* relevant. *See also Porter v. Hu*, 116 Haw. App. 42, 68, 169 P.3d 994, 1020 (2007) (looking to cases from other jurisdictions "to provide helpful illustrations" of the *Hensley* analysis).

### A.     Relatedness of Claims

Regarding the first *Hensley* inquiry, *Schefke* explains that:

> Unsuccessful claims are deemed unrelated if they are distinctly different claims for relief that are based on different facts and legal theories.  Thus, even where the claims are brought against the same defendants, counsel's work on one claim may be unrelated to his or her work on another claim, work on such an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved, and the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.
>
> On the other hand, if the plaintiff's claims for relief involve a common core of facts or are based on related legal theories and much of counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, such a lawsuit cannot be viewed as a series of discrete claims.  In that situation, a plaintiff who has won substantial relief should not have his or her attorney's fee reduced simply because the trial court did not adopt each contention raised.

*Id.* (citation and quotation signals to *Hensley* omitted).

Applying this framework, the court easily concludes that Plaintiff's claims for breach of the duty to indemnify and duty to defend are related.  Both arise from a common core of facts in which the insureds sought relief from Defendant for the Apanas' suit against them.  Further, these two claims, while distinct, raise related legal theories -- that is, the application of the insurance contract's "Total Pollution Exclusion Endorsement" under Hawaii law.  In short,

these claims are related because "'[t]he obligation to defend is broader than the duty to pay claims and arises wherever there is the mere *potential* for coverage.'" *Tri-S Corp. v. W. World Ins. Co.*, 110 Haw. 473, 488, 135 P.3d 82, 97 (2006). (*quoting Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 412-13, 992 P.2d 93, 107-08 (2000)).  Finally, in reviewing the time Plaintiff's counsel spent on this case, "it appears that counsels' time was devoted largely to the litigation as a whole and not divisible into discrete slivers neatly matching each claim advanced."  *Porter v. Hu*, 116 Haw. App. 42, 69, 169 P.3d 994, 1021 (2007); Pl.'s Mot. for Attys Fees 3-6 (providing description of work performed).

        Defendant argues that the duty to defend and duty to indemnify are different legal theories because if they *were* related, the court's "ruling on one, would have determined the [court's] ruling on the other."  Def.'s Objection 6.  As an initial matter, there is no requirement of "commonality of both facts *and* law before concluding that unsuccessful and successful claims are related." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003).  The court further rejects Defendant's argument as illogical.  *Hensley's* first prong explicitly recognizes that legal theories may be related, but lead to different results.  Under Defendant's reasoning, *Hensley's* initial inquiry would be rendered meaningless because a party must either prevail or lose on all claims for the claims to be considered

6

related. In this case, the duty to defend is broader than the duty to indemnify, and the court found that Defendant had a duty to defend, but not a duty to indemnify. For these reasons, the court concludes that Plaintiff's claims are related.

**B.     Reduction of Fee Award**

Because the court finds that Plaintiff's successful and unsuccessful claims are related, it proceeds to the second prong of the *Hensley* analysis. For this second prong, *Schefke* provides that:

> [W]here a plaintiff has obtained excellent results, his or her attorney should recover a fully compensatory fee because litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

*Schefke*, 96 Haw. at 444, 32 P.3d at 88 (citation and quotation signals to *Hensley* omitted).

The July 7 Report found that Plaintiff had limited success because Plaintiff had sought aggregate damages of $100,532.85, but was awarded only $12,832.85. July 7 Report 13. Accordingly, the July 7 Report found that full compensation would be excessive and that a reasonable award would be 90

percent of the reasonable attorney's fees. *Id.* at 14.  Defendant objects, arguing that each claim should be weighed equally such that the award of attorney's fees should be reduced by 50 percent.

In determining the proper award for limited success, "[t]here is no precise rule or formula." *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006).  Rather, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment." *Id.*  "At the heart of this inquiry is whether Plaintiff's 'accomplishments in this case justify the fee amount requested.'" *Thomas v. City of Tacoma*, 410 F.3d 644, 650 (9th Cir. 2005) (*quoting Hensley*, 461 U.S. at 436).

Based upon an independent review of Plaintiff's fee request, the record, and Defendant's objection, the court provides the following "'concise but clear'" explanation of why a 10 percent reduction is appropriate in this case.[3] *Moreno v. City of Sacramento*, --- F.3d ---, 2008 WL 2875300, at *2 (9th Cir. July 28, 2008) (*quoting Hensley*, 461 U.S. at 437); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) (noting that "percentages indeed are acceptable,

---

[3] Because Defendant limited its objection to the ten percent reduction, the court does not review the reasonableness of the total hours expended or hourly rate.

and perhaps necessary, tools" for determining fee awards, but that the court must still "set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction"). Although Plaintiff sought a total of $100,532.85 in damages, and was awarded only $12,832.85, the litigation was relatively abbreviated (lasting only one year) and directed towards a quick adjudication of the dispute. Further, the court finds that the vast majority of the litigation centered on issues common to both the duty to defend and duty to indemnify claims -- that is, application of the Policy's Total Exclusion Endorsement under Hawaii law to the facts of the case. In other words, Plaintiff's additional claim for breach of duty to indemnify did not significantly add to the time expended by Plaintiff's counsel.

Given the circumstances of this case, the court rejects Defendant's suggestion that the court should weigh each claim equally and reduce the award by 50 percent. Such reduction would not adequately compensate Plaintiff for being forced to litigate its duty to defend claim for which Defendant was clearly liable. Rather, given the considerations articulated above, the court finds that a ten percent reduction in reasonable attorney's fees is reasonable.

///

///

## IV.  CONCLUSION

For the reasons discussed above, the court ADOPTS the July 7, 2008 Special Master's Report.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 21, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Apana v. TIG Ins. Co. et al.*, Civ. No. 06-00653 JMS/LEK, Order Adopting Report of Special Master on Plaintiff Bill H. Apana's Motion for Attorney's Fees